IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11481
Summary Calendar
_____

United States of America,

Plaintiff-Appellee,

versus

Michael F. Dixon, a/k/a Tricky;
Baron Elder, a/k/a Beno,

Defendant-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:96-CR-025-Y-13)

October 23, 1997

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael F. Dixon was convicted of conspiracy to possess with intent to distribute cocaine base and use of a communication device to commit a felony in violation of 21 U.S.C. §§ 843 (b) and 846. Dixon appeals the district court's denial of his motion for new trial and the denial of his motion to suppress, and also argues that the evidence presented at trial was insufficient to support his conviction.

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

Dixon's co-defendant, Baron Elder, was convicted of conspiracy to possess with intent to distribute cocaine base. Elder appeals the district court's denial of his motion for new trial and also argues that the district court erred in failing to grant in its entirety his motion for a bill of particulars.

We review district court rulings on motions for new trial for abuse of discretion. United States v. Jaramillo, 42 F.3d 920, 924 (5th Cir.), cert. denied, 514 U.S. 1134 (1995). Defendants Dixon and Elder based their motions for new trial on newly discovered evidence. Motions based on such evidence are "disfavored by the courts and therefore are viewed with great caution." Id.; United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996). After carefully reviewing the arguments of both defendants and the record in this case, we are not convinced that the evidence that forms the basis of the defendants' motions for new trial is so material that its absence from trial "undermines confidence in the outcome of the trial." Kyles v. Whitley, 115 S.Ct. 1555, 1566 (1995). Accordingly, we hold that the trial court did not abuse its discretion in denying the defendants' motions for new trial.

Dixon asserts that the district court erred by failing to hold an evidentiary hearing on his motion for new trial. The decision to hold an evidentiary hearing on a motion for new trial is subject to the district court's sound discretion, and is reviewed only for abuse of discretion. United States v. Johnson, 596 F.2d 147, 148 (5th Cir. 1979). For the same reasons we agree with the district

2

court's decision on the merits of the motion, we hold that the district court did not abuse its discretion in choosing not to hold an evidentiary hearing on Dixon's motion for new trial.

The district court did not abuse its discretion in denying Dixon's motion to suppress the evidence produced by wiretaps. The heart of Dixon's argument on the motion to suppress centers on the sufficiency of the Government's affidavit in support of the its application for the wiretaps. Dixon has failed to provide this court with a copy of this affidavit. No copy of the affidavit is in the record or the record excerpts. Because Dixon has not met his burden of providing this court with a complete record on appeal, we need not reach this issue. See Alizadeh v. Safeway Stores, 910 F.2d 234, 237 (5th Cir. 1990).

Dixon argues that the evidence presented at trial was insufficient to support his conviction for conspiracy to possess with intent to distribute cocaine base. Because Dixon failed to make a motion for acquittal at the close of the evidence at trial, his claim can be reviewed only to determine whether it was a manifest miscarriage of justice to convict him.[1] See United States v. Laury, 49 F.3d 145, 151 n.15 (5th Cir.), cert. denied, 166 S.Ct.

---

[1]In United States v. Pennington, 20 F.3d 593, 597 n.2 (5th Cir. 1994), the Court questioned whether the miscarriage of justice standard is distinguishable from the sufficiency of evidence standard. But because only the court sitting en banc can reverse precedent, Dixon's insufficient evidence claim must be reviewed under the miscarriage of justice standard. United States v. Laury, 49 F.3d 145, 151 n.15 (5th Cir.), cert. denied, 166 S.Ct. 162 (1995).

3

162 (1995); United States v. Vaquero, 997 F.2d 78, 82 (5th Cir.), cert. denied, 510 U.S. 1016 (1993).  "Such a miscarriage of justice would exist only if the record is devoid of evidence pointing to guilt, or... because the evidence on a key element of the offense was so tenuous that a conviction would be shocking."  United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir.)(en banc), cert. denied, 114 S. Ct. 1410 (1994)(internal quotations and citations omitted).  After carefully reviewing the record, we find that the evidence presented at trial was sufficient to support Dixon's conviction.

The district court did not abuse its discretion in failing to grant in its entirety Elder's motion for a bill of particulars. The denial of a motion for a bill of particulars will lead to reversal of judgment "only if the ruling was a clear abuse of discretion."  United States v. McKinney, 53 F.3d 664, 674 (5th Cir.), cert. denied, 116 S.Ct. 261 (1995).  The accused must show "that he was actually surprised at trial and that his rights were substantially prejudiced by the denial."  United States v. Lindell, 881 F.2d 1313, 1326 (5th Cir. 1989), cert. denied, 496 U.S. 926 (1990).  After a careful review of the record, we find that Elder has failed to meet this burden.  Accordingly, we hold that the district court's decision not to grant Elder's motion for a bill of particulars in its entirety was not an abuse of discretion.

Therefore, for the foregoing reasons, the district court's judgment is AFFIRMED.

4